IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS/SAN ANTONIO DIVISION

IN RE:
YESENIA Y. RAMIREZ　　　　　　　　　　　　　　　　　　　CASE NO. 12-51404 K
1302 RANGE FIELD
SAN ANTONIO, TX  78245
a/k/a
d/b/a

　　　　Debtor

---

TRUSTEE'S RECOMMENDATIONS CONCERNING CLAIMS
(WITH NOTICE OF BAR DATE FOR ADDITIONAL OBJECTIONS TO CLAIMS)

---

NO HEARING WILL BE CONDUCTED ON THIS TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS UNLESS A WRITTEN RESPONSE OR OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE TRUSTEE, THE DEBTOR(S), DEBTOR'S ATTORNEY, AND ANY OTHER AFFECTED PARTY WITHIN THIRTY (30) DAYS FROM THE DATE OF SERVICE HEREOF, UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE OR OBJECTION.  EACH CLAIM FOR WHICH THERE IS NO RESPONSE OR OBJECTION TIMELY FILED AND SERVED WILL BE TREATED AS LISTED IN THE ATTACHED SCHEDULES, AND SUCH TREATMENT WILL BE FINAL AND BINDING ON ALL PARTIES WITHOUT FURTHER ORDER OF THE COURT.  IF A RESPONSE OR OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING ON NOT LESS THAN THIRTY (30) DAYS NOTICE, WITH RESPECT TO ONLY THAT CLAIM TO WHICH OBJECTION OR RESPONSE HAS BEEN FILED.

By Order of the court, the Trustee's Recomendation Concerning Claims (TRCC) shall be deemed a BAR DATE for objecting to claims, for contesting the validity or priority of liens, and for challenging the priority of claims.  Said BAR DATE shall be deemed to be THE THIRTIETH (30TH) DAY AFTER THE DATE OF SERVICE OF THE TRCC, AS REFLECTED IN THE CERTIFICATE SERVICE ATTACHED THERETO.  Any objection to claim, any motion or adversary proceeding contesting the validity or priority of any lien, or any challenge to the priority of any claim may not be filed after the expiration of the bar date except upon leave of Court, after motion requesting such leave, and upon notice and hearing to the Standing Chapter 13 Trustee, the debtor, the debtor's counsel, and the ten largest unsecured creditors (including, where applicable, the Internal Revenue Service).

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARY K. VIEGELAHN, Trustee in these proceedings, and making this her recommendation concerning claims, would respectfully show the Court as follows:

1.  All parties are specifically advised that, amoung others, L. Rule 3007 shall apply to this Trustee's Recommendation Concerning Claims (TRCC).

2.  The time for filing claims in this proceeding has expired.  The Trustee has reviewed all of the claims filed.  Attached are Schedules I (Secured, Priority, and Special Class claims) and II (general unsecured claims) containing the Trustee's recommendations as to various matters concerning claims, including the amount of each creditor's claim, as well as the extent and validity of each creditor's security interest, if any.

VALUATION OF COLLATERAL

3.  The Court has previously made a final and binding determination of the value of certain property which may constitute collateral securing certain creditors' claims.  These valuations are of the collateral specified and provided for under the Debtor's Plan as of the confirmation, as well as any other collateral valued at the confirmation hearing or other hearing held by the Court. All such valuations have been given effect in the treatment of such creditor's claims as set forth in Schedules I.

4.  Certain creditors may have timely filed proofs of claim which evidence a perfected security interest in additional collateral not previously valued by the Court.  The Trustee has made a recommendation to the Court in Schedule I concerning the value of such collateral and the treatment of each such creditor's claim.  Such recommendation is deemed to be a motion to determine the

value of such creditor's secured claim. UNLESS A RESPONSE IS FILED TO SUCH VALUATION AND TREATMENT OF SUCH CREDITOR'S CLAIM WITHIN 30 DAYS FROM THE DATE OF SERVICE HEREOF, SUCH VALUATION OF COLLATERAL AND TREATMENT OF THE CREDITOR'S CLAIM WILL BE FINAL AND BINDING ON ALL PARTIES WITHOUT FURTHER ORDER OF THE COURT.

## TRUSTEE'S OBJECTIONS TO CLAIMS

5. To the extent the classification as a secured or unsecured claim or the allowed amount of a secured claim on Schedule I or II of the TRCC differs from the Creditor's Proof of Claim, the Trustee's Recommendation Concerning Claims is deemed an objection to such claim and contests the amounts or the validity or extent of the security interest therein. UNLESS A TIMELY (WITHIN 30 DAYS OF THE SERVICE HEREOF) RESPONSE OR OBJECTION IS FILED CONTESTING THE TRUSTEE'S RECOMMENDATION, THE OBJECTION WILL BE SUSTAINED AND SUCH CLAIM WILL BE CLASSIFIED AND ALLOWED ONLY IN THE MANNER AND AMOUNT LISTED IN THE ATTACHED SCHEDULES TO THE TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS. SUCH VALUATION OF COLLATERAL AND TREATMENT OF THE SECURED STATUS OF THE CREDITOR'S CLAIM WILL BE FINAL AND BINDING ON ALL PARTIES WITHOUT FURTHER ORDER OF THE COURT.

## UNSECURED CLAIMS TAKEN FROM PROOF
## OF CLAIM WITHOUT TRUSTEE'S OBJECTION

6. The amounts in the attached Schedule II to the TRCC were taken directly from the proofs of claim. Unless otherwise noted, the Trustee does not contest these claims. If the Debtor or any creditor wishes to contest any of these claims, an objection to each claim contested must be filed within thirty (30) days from the date of service hereof.

7. All responses to the TRCC or any objections to claims must be filed within thirty (30) days from the date of service hereof with the United States Bankruptcy Clerk P.O. Box 1439, San Antonio, Texas 78295, and served on all appropriate parties in accordance with the Bankruptcy Rules.


DATED: February 26, 2014


MARY K. VIEGELAHN
10500 HERITAGE BLVD, STE. 201
SAN ANTONIO, TX 78216
(210)824-1460


<u>Electronically Filed By</u>
MARY K. VIEGELAHN

**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS/SAN ANTONIO DIVISION**

IN RE:
   YESENIA Y. RAMIREZ                                           CASE NO. 12-51404 K
   1302 RANGE FIELD
   SAN ANTONIO, TX  78245
      a/k/a
      d/b/a

      Debtor

## SCHEDULE I

| NAME AND ADDRESS OF CREDITOR | AMOUNT | INT RATE | CLASSIFICATION | |
|---|---|---|---|---|
| ALLY FINANCIAL<br>P O BOX 78367<br>PHOENIX, AZ  85062 | 14,040.96<br>310752/00005 | 6.50 % | SECURED BY VEHICLE<br>PERMO:<br>8455<br>08 CHEVY EQUINOX | 0.00 |
| | | | FULLY SECURED | |
| BANK OF AMERICA, NA<br>P O BOX 660933<br>DALLAS, TX  75266-0933 | 139,545.69<br>361571/00006 | 0.00 % | SECURED<br>PAID DIRECT<br>1476<br>HOME/OUTSIDE | |
| | | | TO BE PAID DIRECT WITH DEBTOR AS DISBURSING AGENT | |
| BANK OF AMERICA, NA<br>P O BOX 660933<br>DALLAS, TX  75266-0933 | 17,685.90<br>361571/00007 | 0.00 % | HOME ARREARS<br>PERMO:<br>1476<br>1302 RANGE FIELD | 0.00 |
| | | | FULLY SECURED | |
| Enhanced Recovery Corp<br>Attention: Client Services<br>8014 Bayberry Rd<br>Jacksonville, FL  32256 | 0.00<br>355441/00001 | 0.00 % | UNSECURED<br>NOT FILED<br>7415 | |

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS/SAN ANTONIO DIVISION

IN RE:
   YESENIA Y. RAMIREZ                                                     CASE NO. 12-51404 K
   1302 RANGE FIELD
   SAN ANTONIO, TX 78245
   a/k/a
   d/b/a

       Debtor

## SCHEDULE I

| NAME AND ADDRESS OF CREDITOR | AMOUNT | INT RATE | CLASSIFICATION |
|---|---|---|---|
| GREAT LAKES EDUCATION LOAN SERVICES, INC<br>US DEPT OF EDUCATION<br>PO BOX 530229<br>ATLANTA, GA 30353-0229 | 11,000.00<br>338560/00002 | 0.00 % | UNSECURED<br>PAID DIRECT<br>7262<br>STUDENT LN/OUTSIDE |

                                      TO BE PAID DIRECT WITH DEBTOR AS DISBURSING AGENT

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS/SAN ANTONIO DIVISION

IN RE:
   YESENIA Y. RAMIREZ                                            CASE NO. 12-51404 K
   1302 RANGE FIELD
   SAN ANTONIO, TX  78245
   a/k/a
   d/b/a

       Debtor

### SCHEDULE II

| NAME AND ADDRESS OF CREDITOR | AMOUNT | INT RATE | CLASSIFICATION |
|---|---|---|---|
| State Farm Fncl Svcs F<br>State Farm Bank/ Attention: Bankruptcy<br>PO Box 2328<br>Bloomington, IL  61702 | 0.00<br>369307/00008 | 0.00 % | SECURED BY VEHICLE<br>COLLATERAL SURRENDERED<br>0001<br>08 CHEVY EQUINOX/SURR |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was sent to all parties listed on the matrix on file with the U.S. Bankruptcy Clerk's Office on or about the time this document was electronically filed with the Clerk on 02/26/2014. A copy of the Certificate of Mailing of this document is on file and may be viewed at the U.S. Bankruptcy Clerk's Office.

Electronically filed by
Mary K. Viegelahn, Chapter 13 Trustee